Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 1:03CR00116-002, |
| | ) | 1:04CR00035 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **JAMES MILLARD REYNOLDS,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |
| | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Michael A. Bragg, Bragg Law, PLC, Abingdon, Virginia, for Defendant.*

The defendant in this criminal case has filed a Motion in Limine seeking to prohibit the government from introducing at trial a statement he made at the time he was arrested. He also requests that the government redact any documents that reveal the nature of his prior convictions to prove his status as a convicted felon, and that the government be prohibited from describing these convictions for the purpose of impeaching his credibility. I find that the statement made by the defendant is admissible to show knowledge of his guilt, and therefore deny the motion as to that evidence. As to evidence of the names of the defendant's prior convictions, I will grant the defendant's motion.

I

James Millard Reynolds is the defendant in two separate cases that have been consolidated for trial.

In the first case, Reynolds is charged in a Superseding Indictment with possession of a firearm after having been convicted of a felony, two counts of possession and use of a firearm in furtherance of a drug trafficking crime, and possession with intent to distribute methamphetamine. 18 U.S.C.A. §§ 922(g)(1), 924(c), (e) (West 2000 & Supp. 2004); 21 U.S.C.A. § 841(a)(1) (West 1999). In the second case, Reynolds is charged with failing to appear in court as required by the conditions of his release. 18 U.S.C.A. § 3146(a)(1) (West 2000).

In advance of trial, the defendant filed the present Motion in Limine, which has been argued and is ripe for decision.

Three issues are raised by the motion: (1) whether the defendant's statement that he kidnapped the woman who was with him at the time of his arrest for failing to appear in court is prejudicial and should be excluded; (2) whether the government should be required to redact the name and nature of the defendant's prior convictions from the documents it intends to introduce to prove the defendant's status under § 922(g); and (3) whether the government should be prohibited from describing the

names of the defendant's prior convictions for the purpose of impeaching his credibility.

II

Upon being arrested for failing to appear in court, the defendant made a statement to the arresting officers indicating that he had kidnaped the woman who was with him at the time. The defendant now wishes to have this statement excluded because it has no probative value and would be unduly prejudicial. (Pl.'s Mot. in Limine ¶ 1.) The government has represented that the woman had not been kidnapped, and that the defendant's statement to the police simply shows knowledge of his guilt by seeking to exculpate his companion from any involvement in his crime. The government has also represented that it will inform the jury that the woman had not been kidnaped. For these reasons, I find that the introduction of the defendant's statement is relevant and would not be unfairly prejudicial, and thus deny the defendant's motion as to this evidence.

III

The second and third issues are whether the government should be required to redact the names of the defendant's prior convictions from the documents it intends

-3-

to introduce to prove the defendant's status under § 922(g), and whether the government should be prohibited from describing the names of the defendant's prior convictions for the purpose of impeaching his credibility.

A

Under 18 U.S.C.A. § 922(g)(1), it is unlawful for any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. The Supreme Court has held that the nature and circumstances of the prior felony conviction are irrelevant for purposes of establishing a defendant's legal status, even in the absence of a stipulation. *Old Chief v. United States,* 519 U.S. 172, 186 (1997) (stating "the statutory language in which the prior-conviction requirement is couched shows no congressional concern with the specific name or nature of the prior offense."); *see also United States v. Rhodes,* 32 F.3d 867, 875 (4th Cir. 1994) (Hamilton, concurring) (stating "[u]nder a proper application of Rule 403, it appears, even in the absence of a stipulation, the nature and underlying circumstances of the prior felony conviction should not be admitted, unless employed for proper impeachment purposes."). The Fourth Circuit, citing *Old Chief*, has suggested that "a redacted record of conviction, coupled with a jury instruction clarifying that the redacted judgment was enough to satisfy the status element," would be an acceptable alternative to a formal admission of record. *United*

*States v. Jackson*, 124 F.3d 607, 617 n.8 (4th Cir. 1997) (citing *Old Chief*, 519 U.S. at 192 n.10.)

In the present case, as in *Old Chief*, the government has the burden of proving the defendant's status as a convicted felon as an element of the § 922(g) charge. However, unlike *Old Chief*, the defendant in this case has advised that he will not stipulate to any prior convictions, and requests that the government redact the name and nature of his prior convictions from any documents offered that prove those convictions. Based on *Old Chief*, it is clear that describing the name and nature of a prior conviction is irrelevant in satisfying the status element of § 922(g)(1). For this reason, I will grant the defendant's motion as to this issue and require the government to redact any documents that it wishes to introduce to prove his prior felony conviction as a necessary element of § 922(g)(1).[1]

---

[1] The government has supplied the court with copies of the documents that it intends to offer, and it is apparent that those documents can be redacted to remove references to the names of the prior convictions, while still showing the fact and date of each prior felony conviction. While certain business and other convictions are excluded from the definition of a prior felony by statute, *see* 18 U.S.C.A. § 921(a)(20) (West 2000), as held in *Old Chief*, the court may instruct the jury that the proffered redacted documents do in fact describe felonies within the meaning of the law. *See* 519 U.S. at 192 n.10.

B

Federal Rule of Evidence 609(a)(1) states that, for the purpose of attacking credibility, "evidence that an accused has been convicted of [a felony] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1).

Introducing a prior conviction to impeach a defendant under Rule 609(a)(1) is clearly distinguished from introducing a prior conviction to establish a defendant's legal status, and the Fourth Circuit has noted that district courts have a duty to "make an explicit finding on the record" as to whether the probative value of evidence outweighs its prejudicial effect before allowing cross-examination for impeachment under Rule 609(a). *United States v. Gray,* 852 F.2d 136, 139 (4th Cir.1988). In performing this balancing test, the Fourth Circuit has stated that the "'generally accepted view . . . is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.'" *United States v. Sanders*, 964 F.2d 295, 297-98 (4th Cir. 1992) (quoting *United States v. Beahm*, 664 F.2d 414, 418-19 (4th Cir. 1981)). Moreover, if a similar prior conviction is to be admitted, it should be "at the very least limited disclosure to the fact of conviction without revealing its nature." *Id.* at 298 (quoting *Beahm*, 664 F.2d at 419.)

-6-

Moreover, making a finding under Rule 609(a) is inextricably intertwined with Rule 403, which was in fact the "principal issue" in *Old Chief*: "[t]he principal issue is the scope of a trial judge's discretion under Rule 403, which authorizes exclusion of relevant evidence when its 'probative value is substantially outweighed by the danger of unfair prejudice.'" 519 U.S. at 180 (quoting Fed. R. Evid. 403.) The *Old Chief* Court explained that district courts should consider the availability of alternative means of proof when considering whether to exclude on grounds of unfair prejudice, *id.* at 184-85, which, as mentioned, would include stipulations and redacted conviction records. *Id.* at 192 n.10. In addressing the specific problem raised by § 922(g)(1) and its prior-conviction element, the Court stated that "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant . . . [and] will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning." *Id.* at 185.

In the present case, the defendant requests that the government be prohibited from describing the name and nature of his prior convictions for purposes of impeaching his credibility. The defendant's prior convictions include felony convictions for possession and manufacture of controlled substances with intent to sell. In addition to the § 922(g), the defendant is charged in the Superseding

Indictment with two counts of possession and use of a firearm in furtherance of a drug trafficking crime, and possession with intent to distribute methamphetamine. Because the defendant's prior convictions are similar to the charges he is currently facing, any probative value of describing the name and nature of his prior convictions is substantially outweighed by the danger of unfair prejudice. Such evidence could lure a juror into a sequence of bad character reasoning. Thus, the government is directed not to describe the name and nature of the defendant's prior convictions for purposes of impeaching his credibility in the event the defendant decides to testify.[2]

IV

For the reasons stated, it is **ORDERED** that the defendant's Motion in Limine is granted in part and denied in part as described herein.

---

[2] Federal Rule of Evidence 404(b) is applicable in situations where there is "a justification for receiving evidence of the nature of prior acts on some issue other than status (i.e., to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.')" *Old Chief*, 519 U.S. at 190 (quoting Fed. R. Evid. 404(b)). No issue has been raised as to the admissibility of the defendant's prior convictions for a proper purpose under Rule 404(b). Accordingly, it is not necessary for me to decide whether the name and nature of the prior convictions would be admissible under Rule 404(b), and thus my ruling does not cover that possibility.

-8-

ENTER: June 22, 2005

/s/ JAMES P. JONES
Chief United States District Judge