# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case Nos.  1:03CR00116-002; |
| ) | 1:04CR00035 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JAMES MILLARD REYNOLDS,** ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, sentenced by this court in 2005, seeks a reduction in sentence for extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Because his "stacked" consecutive sentences under 18 U.S.C. § 924(c), which could not be imposed under today's version of that statute, create an unjust disparity, his motion will be granted and his sentence will be reduced.[1]

---

[1] The defendant's motion was filed only in Case No. 1:03CR00116-002, but he was jointly convicted and sentenced in that case and in Case No. 1:04CR00035.  I will direct the Clerk to file the motion in Case No. 1:04CR00035 and this ruling affects both cases.

I.

The defendant, James Millard Reynolds, is a 54-year-old inmate serving a total term of imprisonment of 480 months, or 40 years. Reynolds seeks compassionate release or a sentence reduction because he argues that his health conditions increase his risk for severe outcomes if he were to contract Covid-19 in prison, and because his 40-year sentence is of disproportionately length under today's sentencing laws.[2]

Reynolds was convicted by a jury and sentenced jointly in cases numbered 1:03CR00116-002 and 1:04CR00035. In case No. 1:03CR00116-002, he was sentenced to concurrent terms of 110 months for a violation of 18 U.S.C. § 922(g)(1) and a violation of 21 U.S.C. § 841(a), (b)(1)(C); 10 months in case No. 1:04CR00035 in violation of 18 U.S.C. § 3146(a)(1) to run consecutive to such terms; 60 months in case No. 1:03CR00116-002 for a violation of 18 U.S.C § 924(c)(i) to run consecutive to all other terms imposed; and 300 months for a second violation of 18 U.S.C § 924(c) to run consecutive to all other terms imposed.[3] His appeal was

---

[2] Reynolds' first argument lacks merit because he has been fully inoculated with a vaccine which the Centers for Disease Control and Prevention indicates is 95% effective at preventing Covid-19-induced serious illness. Suppl. Resp. 1, ECF No. 346; Centers for Disease Control and Prevention, *Pfizer-BioNTech Covid-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (May 12, 2021).

[3] Reynolds was also charged with being an Armed Career Criminal under 18 U.S.C. § 924(e). However, at his sentencing the court adopted without objection an amended presentence report by the probation officer that Reynolds did not qualify as such and thus

unsuccessful. *United States v. Reynolds*, 185 F. App'x 315 (4th Cir. 2006) (unpublished).

As noted, Reynolds was convicted of two counts of procession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). At the time, a second or successive violation of the statute resulted in a statutory mandatory consecutive minimum sentence of 25 years in prison. 18 U.S.C. § 924(c)(1)(C)(i) (2000). The defendant was so sentenced, although there had been no intervening conviction for the first violation of the statute. Prior to § 403 of the First Step Act, this stacking of § 924(c) violations in a single indictment was construed under the existing statute as permissible. *Deal* v. *United States*, 508 U.S. 129, 137 (1993).

Section 403 of the First Step Act of 2018 changed the rule of the *Deal* case by amending the statute. It provides that

> (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".
>
> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

---

was not subject to a statutory mandatory minimum of 15 years imprisonment. Sent'g Tr. 3, 4, ECF No. 347, Case No. 1:03CR00116.

First Step Act of 2018, Pub. L. No. 115-5194, § 403, 132 Stat. 5194, 5221-22 (2018), amending 18 U.S.C. § 924(c)(1)(C).

Although I may not reduce Reynold's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020), that when deciding compassionate release motions, district courts may consider the severe length and disparateness of a defendant's sentence in light of the revision of sentence-stacking under § 924(c).

I must "reconsider[] the § 3553(a) factors" to determine whether the sentence remains no greater than necessary to meet § 3553(a)'s goals "in view of the extraordinary and compelling circumstances." *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021). I find based on Reynolds' history and characteristics that a lesser time in prison would afford adequate deterrence and protect the public. Aside from the mandatory minimum terms, the guidelines recommended that I sentence him at most to 150 months (12.5 years), considering his total offense level of 26 and criminal history category of VI. Reynolds has now served 19 years in prison, during which time he has made significant strides indicating his rehabilitation. He has completed drug and educational courses, kept steady work, and had only minor disciplinary infractions. Also, reducing Reynolds' 40-year sentence to 20 years would eliminate an unwarranted disparity with his co-

defendant, who I sentenced within the guidelines range to 235 months (roughly 19.5 years) in prison.

II.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), and for the reasons stated on behalf of the defendant, it is **ORDERED** as followed:

1. The defendant's motion, ECF No. 322, Case No. 1:03CR00116-002, is GRANTED;

2. The Clerk shall file the defendant's motion in Case No. 1:04CR00035 and designated it as GRANTED;

3. The defendant's previously imposed sentence of imprisonment is REDUCED to a total of 240 MONTHS, but not less than time served, consisting of 110 months on Counts One and Three in Case No. 1:03CR00116-002, to be served concurrently with each other, 10 months on Count One in case No. 1:04CR00035 to run consecutive to such terms, 60 months on Count Four in case No. 1:03CR00116-002 to run consecutive to all other terms imposed, and 60 months on Count Two in case No. 1:03CR00116-002 to run consecutive to all other terms imposed,

all other provisions of the Judgment entered November 4, 2005, to remain in effect, including the length and conditions of supervised release; and

4. The Clerk shall provide a copy of this Opinion and Order to the Probation Office, which Office shall provide a copy to the Bureau of Prisons.

ENTER: May 20, 2021

/s/ JAMES P. JONES
United States District Judge